Filed 8/8/19

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D073977 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS294500) |
| EMMANUEL JOSE CENTENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General for Plaintiff and Respondent.

Emmanuel Jose Centeno pled guilty to assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b); count 1), robbery (§ 211; count 2), and possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (b)(2); count 3). Centeno also admitted allegations as to counts 1 and 2 that he personally used a firearm in committing the offenses within the meaning of Penal Code section 12022.5, subdivision (a).

The trial court sentenced Centeno to prison for three years on count 1 and stayed his sentence for count 2. Under section 1385, the court struck the gun enhancements for purposes of sentencing. In addition, for count 3, the court imposed credit for time served.

Centeno appeals, contending the trial court abused its discretion by failing to grant him probation. In the alternative, Centeno maintains the court erroneously failed to recognize its discretion to strike count 2 (robbery). We affirm.

FACTUAL BACKGROUND

Because Centeno pled guilty, both parties rely on the probation report for the facts of Centeno's underlying crimes. Based on their agreement as to the facts and as a matter of convenience, we adopt the facts as set forth in the respondent's brief.

On June 29, 2017, at approximately 3:00 a.m., Centeno and another male entered a marijuana dispensary and Centeno, holding a gun, announced a robbery. An employee of the dispensary was placed in a room. The employee retrieved a gun left in the room by a security guard and returned to the "bud room." Six suspects were there, and the

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

2

employee started shooting. Centeno was shot and fell to the floor. Another suspect helped Centeno leave the dispensary. The employee identified Centeno as the robber with the gun. Centeno was transported to a hospital for treatment of two gunshot wounds. Initially, Centeno lied and said he had been in an argument with unknown males when he was shot but eventually admitted he was shot at a marijuana dispensary on Third Avenue. Centeno said he wished he had thought things through before he committed the robbery. The police spoke to Centeno's cohort in the hospital parking lot and searched his car. Several packages of concentrated cannabis samples, "wax," and jars of marijuana were found in the car. The cohort told the officers that Centeno was handing him the packages when he heard gunfire and saw Centeno fall to the floor.

## DISCUSSION

### I

### THE COURT DID NOT HAVE DISCRETION TO AWARD PROBATION UNDER THE UNIQUE FACTS OF THE INSTANT ACTION

#### A. Centeno's Contentions

Centeno asserts that the trial court abused its discretion when it failed to grant him probation. To this end, he argues that amendments to sections 12022.53 and 1385 allowed the trial court to strike the firearm enhancement as well as grant him probation despite the clear language of section 1203.06. In the alternative, he contends the trial court could have dismissed the robbery conviction to eliminate any restrictions in section 1203.06 that would have prohibited the court from granting probation. We reject these contentions.

3

## B. Background

Centeno pled guilty to assault with a semiautomatic firearm, robbery, and possession of marijuana. He also admitted personal use of a firearm in the commission of counts 1 and 2. The court continued Centeno's initial sentencing hearing to allow the parties to research whether the court had discretion to grant Centeno probation.[2] Centeno filed a motion to dismiss the gun enhancements and to grant probation. He asserted in the motion that the court had authority to strike a personal gun use enhancement under sections 12022.53, subdivision (h) and 1385. In support of his position, Centeno relied on *People v. Woods* (2018) 19 Cal.App.5th 1080, where the court determined that the amendments to sections 12022.53 and 1385 applied retroactively and remanded the case to allow the trial court to exercise its discretion to determine whether to strike the section 12022.53, subdivision (d), enhancement and its mandatory 25-years-to-life term. (*Woods*, at pp. 1090-1091.) Centeno also argued the instant matter was analogous to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), in which our high court concluded a trial court has discretion to dismiss a prior strike conviction allegation under section 667. Finally, Centeno argued that the legislative intent set forth in section 12022.53, subdivision (h) should be applied to the prohibition on granting probation in section 1203.06.

At the sentencing hearing on April 4, 2018, the trial court indicated that it would like to grant probation in this case but did not have the authority to do so. The court

---

[2]     The probation report indicated that under section 1203.06, subdivision (a)(1), Centeno was "absolutely ineligible for probation."

4

recognized that it had the discretion to strike the firearm enhancements under section 12022.5 for sentencing, but section 1203.06, subdivision (a), prohibited a grant of probation where a defendant used a firearm in the commission of a robbery. The court also recognized that by amending sections 12022.53 and 12022.5 to allow a trial court to strike the firearm enhancements for the purpose of sentencing, the Legislature stated that imposition of the additional and consecutive terms under the weapons enhancements in those sections was discretionary; however, the Legislature did not similarly amend section 1203.06, which still prohibits granting probation when a defendant uses a firearm during the commission of certain crimes. The court pointed out that the recent amendments to the weapon use enhancement statutes addressed the imposition of lengthy additional sentences for using a firearm and did not provide for granting probation. The court concluded that although it would like to allow Centeno to attend the Delancey Street probation program, section 1203.06 and *People v. Tanner* (1979) 24 Cal.3d 514 (*Tanner*) made Centeno ineligible for a grant of probation in this case. As such, the court sentenced Centeno to the low term of three years on count 1 and struck the firearm enhancements under section 12022.5 for the purposes of sentencing.

C.  Analysis

Although Centeno points us toward section 12022.53 and Senate Bill No. 620, which amended that section, we believe the prudent junction to begin our analysis is section 1203.06.  The trial court believed section 1203.06 prohibited him from granting probation in this case.  Centeno argues the trial court was wrong.  It was not.

We apply settled standards for construing a statute:  " 'Our fundamental task is to determine the Legislature's intent and give effect to the law's purpose.  [Citation.]  We begin by examining the statute's words " 'because they generally provide the most reliable indicator of legislative intent.'  [Citation.]  If the statutory language is clear and unambiguous our inquiry ends." ' [Citation.]  In that case, the plain meaning of the statute is controlling, and ' "resort to extrinsic sources to determine the Legislature's intent is unnecessary." ' "  (*Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 633-634.)

Section 1203.06, subdivision (a)(1) provides:

> "Notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within this section be stricken pursuant to Section 1385 for, any of the following persons:
>
> "(1) Any person who personally used a firearm during the commission or attempted commission of any of the following crimes:"

One of the enumerated crimes is robbery.  (§ 1203.06, subd. (a)(1)(B).)  The statute further explains that the phrase " 'used a firearm' means to display a firearm in a menacing manner, to intentionally fire it, to intentionally strike or hit a human being with

6

it, or to use it in any manner that qualifies under Section 12022.5." (§ 1203.06, subd. (b)(2).)

Here, the subject statute's language is clear. If a defendant personally used a firearm during the commission of a robbery, he or she is ineligible for probation. Moreover, the statute clarifies that "[t]he existence of any fact that would make a person ineligible for probation . . . shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the trier of fact." (§ 1203.06, subd. (b)(1).) In the instant action, the felony complaint alleged, among other things, that Centeno used a firearm in the commission of a robbery. And Centeno admitted at his change of plea hearing that he committed the crime of robbery and personally used a handgun in doing so. Accordingly, under the plain language of section 1203.06, Centeno is ineligible for probation.

Our conclusion is buttressed by *Tanner*, *supra*, 24 Cal.3d 514, which also involved section 1203.06. In that case, the California Supreme Court considered whether a trial court could use section 1385 to strike a firearm allegation and thereby avoid the mandatory prohibition in section 1203.06. (*Tanner*, at p. 518.) The court answered the question in the negative finding that the mandatory provisions of section 1203.06 could not be avoided by employing section 1385. (*Tanner*, at p. 519.) To hold otherwise would nullify section 1203.06 and restore prior law allowing a trial court to grant probation anytime it deemed such a grant appropriate in the interests of justice. (*Tanner*, at pp. 519-520.) The court observed that "whereas section 1385 is general in nature, relating to the broad scope of dismissal, section 1203.06 is specific, relating to the limited

power of dismissal for purposes of probation—the very matter at issue." (*Tanner*, at p. 521.)

Likewise, here, we are not persuaded by Centeno's claim that section 12022.53, as modified by Senate Bill No. 620, somehow allows the trial court to ignore the clear mandate of section 1203.06 so it can grant probation in this matter. Section 12022.53, subdivision (h) provides, in part: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." Thus, subdivision (h) grants a trial court discretion to strike a firearm enhancement so that the court does not have to increase a defendant's sentence under section 12022.53, subdivisions (b), (c), or (d). However, there is nothing in section 12022.53 that allows the court to disregard the restrictions on granting probation found in section 1203.06.[3] Section 12022.53, subdivision (h) simply permits a trial court to strike a firearm enhancement with the result that the court does not have to increase the defendant's sentence for using a firearm in the commission of the subject offense. The subdivision has no impact on the defendant's conviction for the underlying crime. Put differently, the fact that the court struck the firearm enhancement for sentencing purposes did not change the fact that Centeno committed robbery with a

---

[3]     Section 12022.5, subdivision (c) operates like section 12022.53, subdivision (h). We mention this because there is some confusion in the record regarding whether the firearm enhancements were alleged under section 12022.5 or section 12022.53. Nevertheless, Centeno uses the later statute to challenge the court's failure to grant probation here. Regardless of which statute is at issue (section 12022.5 or section 12022.53), our analysis would remain the same. Neither statute impacts section 1203.06.

firearm. (Cf. *People v. Fuentes* (2016) 1 Cal.5th 218, 225 [" 'Striking an aspect of an enhancement does not "operate to defeat the factual finding of the truth of the [allegation], instead, such act merely serves to prohibit a certain purpose for which the [allegation] may be used." ' "].)

Contrary to Centeno's argument, *Romero*, *supra*, 13 Cal.4th 497 and *People v. Aubrey* (1998) 65 Cal.App.4th 279 (*Aubrey*) do not warrant a different conclusion. In fact, *Romero* supports our analysis here. In that case, the court recognized the Legislature's authority to "eliminate the courts' power to make certain sentencing choices" because subject to the prohibition against cruel and unusual punishment, " 'the power to define crimes and fix penalties is vested exclusively in the legislative branch.' " (*Romero*, at p. 516, citing *Tanner*, *supra*, 24 Cal.3d at p. 519, fn. 3.) Therefore, *Romero* does not stand for the proposition that a trial court can ignore the clear dictates of section 1203.06, which explicitly prohibits a court from granting probation for a robbery committed with a firearm.

*Aubrey*, *supra*, 65 Cal.App.4th 279 also is no help to Centeno. In that case, the defendant pled guilty to first degree burglary and admitted a prior conviction for attempted robbery. After striking the prior serious felony conviction for purposes of the "Three Strikes" law, the trial court denied the defendant's request that he be placed on probation, stating: " 'The Court is of the opinion that upon conviction of a new felony [] the mandatory provisions of [section 667, subdivision (a)] attach and require the five year sentence.' " (*Id*. at p. 282.) The court sentenced the defendant to the low term of two years plus five years for the prior serious felony allegation. The defendant appealed,

9

contending that contrary to the trial court's declared lack of discretion in imposing a prison term, the court had discretion to consider the defendant's request for probation. Our colleagues in Division Three agreed, and remanded the case for resentencing.

"The grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion. (*People v. Marquez* (1983) 143 Cal.App.3d 797, 803.)  'However, an erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion.' (*Ibid*.)"  (*Aubrey*, *supra*, 65 Cal.App.4th at p. 282.)

" ' "[P]robation" means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer.'  (§ 1203, subd. (a).)  All defendants are eligible for probation, in the discretion of the sentencing court (*People v. Phillips* (1977) 76 Cal.App.3d 207, 213), unless a statute provides otherwise.  Some statutes provide ineligibility is mandatory, while others provide a defendant is ineligible except in unusual cases where the interests of justice would best be served.  (E.g., compare § 1203, subd. (k) with § 1203, subd. (e).)  Section 462, subdivision (a) contains a *discretionary* prohibition against probation for defendants who are convicted of residential burglary: 'Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house . . . .' "  (*Aubrey*, *supra*, 65 Cal.App.4th at p. 282.)  The court in *Aubrey* concluded that "[s]ince [the defendant] pleaded guilty to residential burglary, the sentencing court had discretion to grant probation, if it found this

10

to be an unusual case, unless another statute precluded probation." (*Ibid*.) The court rejected the Attorney General's argument that because the prior serious felony enhancement carried a mandatory prison term, the court had no authority to grant probation.

Unlike the statute in *Aubrey* that included an "interests of justice" exception to allow a court to grant probation, section 1203.06 does not contain any such allowance. Instead, it expressly prohibits the court from granting probation to a defendant who commits robbery while using a firearm. (§ 1203.06, subd. (a)(1)(B).) As such, the instant action is distinguishable from *Aubrey*.

Finally, we are not persuaded by Centeno's alternative argument that the trial court had discretion to strike the robbery conviction, so it could grant probation. Centeno claims the trial court could have struck the robbery conviction under section 1385 as explained in *People v. Orabuena* (2004) 116 Cal.App.4th 84 (*Orabuena*).

In *Orabuena*, the defendant pled guilty to three counts: possessing and being under the influence of methamphetamine and driving with a suspended license. (*Orabuena*, *supra*, 116 Cal.App.4th at p. 89.) The trial court found that his conviction on the suspended license count made him ineligible for sentencing under Proposition 36's alternative scheme. (*Orabuena*, at p. 91; § 1210.1, subd. (b).) Placed on formal probation with a requirement that he serve 180 days in the county jail, he argued on appeal that the trial court erred in failing to dismiss the suspended license count " 'in furtherance of justice' " under section 1385. (*Orabuena*, at pp. 92-93.) The appellate court reversed, holding that the disqualifying misdemeanor conviction "meets the definition of an 'action'

11

under section 1385, in that it is part of the criminal action filed against defendant." (*Id.* at p. 95.) The court further held that it saw "nothing in Proposition 36 or the statutes that implement Proposition 36 that limits the court's power of dismissal under section 1385." (*Id.* at p. 95.) It remanded the case to permit the trial court to exercise its discretion, expressly limiting its opinion "to the conclusion that a trial court has the authority under section 1385 to dismiss a misdemeanor [conviction] not related to the use of drugs that would otherwise make a defendant ineligible for Proposition 36 treatment." (*Id.* at p. 100.)

Centeno urges us to follow *Orabuena*, *supra*, 116 Cal.App.4th 84, but, in doing so, he glosses over the court's statement in that case that "[a] court should not interpret a statute as eliminating the court's power under section 1385 absent a clear legislative direction to that effect." (*Id.* at p. 95.) In the instant action, "a clear legislative direction" is apparent. "Notwithstanding any other provision of law, probation shall not be granted to, nor the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within this section be stricken pursuant to Section 1385 for" a defendant who personally uses a firearm during the commission of a robbery. (§ 1203.06, subd. (a)(1)(B).) Centeno committed robbery while personally using a firearm. Through section 1203.06, the Legislature made clear that a trial court does not have discretion to strike or dismiss a robbery offense, to grant probation, when the defendant personally used a firearm to commit that crime. Centeno is such a defendant and falls under section 1203.06. The trial court therefore did not abuse its discretion in refusing to strike the robbery conviction under section 1385.

12

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


GUERRERO, J.