[Crim. No. 1782. Second Appellate District, Division Two.—June 24, 1929.]

THE PEOPLE, Respondent, v. JOSEPH ALBERT ALLARD, Appellant.

Whelan, Whelan & Smith for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was found guilty of first degree burglary and was sentenced accordingly. He appeals, and bases his claim for reversal upon alleged insufficiency of the evidence to sustain the verdict.

It appears that a house, the property of one R. P. Low, was burglarized by defendant who, at the time was unarmed. The crime was committed in the night-time and the house was not occupied on that particular night. Low and his family lived there, but, as testified by him, "were just away for two or three days."

The argument presented by appellant is, that under these circumstances the house was not "inhabited" as required by section 460 of the Penal Code, in order that the burglary may be first degree where the person committing the crime is not armed with a deadly weapon.

An inhabitant of a house is one who resides therein, and "inhabitancy" and "residence" are synonymous terms. (*Harding* v. *Standard Oil Co.*, 182 Fed. 421.) It has never been held that a person loses his residence by reason of a brief absence from the house where he lives, and without evidence of an intention to depart therefrom and go to live in some other place. Under a statute similar to ours, where a family lived in the house but were away on vacation, it was held to be an inhabited dwelling-house. (*Mason* v. *State*, 27 Ohio C. C. 526.)

We consider the evidence in this case entirely sufficient.

The judgment is affirmed.

Thompson (Ira F.), J., concurred.

Works, P. J., being absent, did not participate in this opinion.