[Crim. No. 1900. Second Appellate District, Division One.—March 14, 1930.]

THE PEOPLE, Respondent, v. PAUL HANN, Appellant.

W. W. Judd for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron for Respondent.

THE COURT.—By the information defendant was charged with the crime of burglary, committed as follows: That at the time and place stated he did wilfully, etc., enter the dwelling-house of one Munro with intent to steal, etc., the goods and personal property of Munro. To this charge the defendant pleaded guilty. It thus became the duty of the court to ascertain and determine the degree of this crime as committed. (Pen. Code, sec. 1192.) The court found that the crime was burglary of the first degree, and judgment was entered accordingly.

On this appeal from the judgment appellant makes the single contention that the court erred in its determination that said burglary was of the first degree. The unlawful entry was made in the night-time, and during the absence of the occupants. The defendant was not armed with any deadly weapon. Burglary of an inhabited dwelling-house

or building, committed in the night-time, is burglary of the first degree. (Sec. 460, Pen. Code.) It is the contention of appellant that the house of Munro, at the time of said burglary, was not "an inhabited dwelling-house." The facts were that on July 18, 1929, Munro was living at the described premises with his wife and son. On that date they went away for a trip to the eastern states, and did not return until August 27th. On leaving their home they closed and locked the house, leaving therein their household furnishings and personal property. They did not give to anyone permission to enter the house or move any of the property during their absence. On the night of July 18th, during said temporary absence of the occupants, the burglary was committed by the defendant.

Upon the stated facts we are satisfied that the crime was burglary of the first degree. (*People* v. *Allard*, 99 Cal. App. 591 [279 Pac. 182]; 4 R. C. L. 427; 2 Am. St. Rep. 389, note; *State* v. *Mason*, 74 Ohio St. 65 [77 N. E. 283]; *Boles* v. *State*, 19 Ala. App. 162 [95 South. 780].)

Judgment is affirmed.