[Crim. No. 6167. Fifth Dist. June 9, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS MARQUEZ, JR., Defendant and Appellant.

**COUNSEL**

Kent A. Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Edmund D. McMurray and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARTIN, J.**—Appellant appeals from his conviction of burglary (Pen. Code, § 459), fixed by the trial court as first degree burglary.

### THE FACTS

On November 11, 1981, at around 10 p.m., Officer Warren Logan of the Visalia Police Department was dispatched to a house located at 615 North Court Street, Visalia, California. He and Officer McGee found appellant hiding in the backyard, wearing dark clothing, gloves, and carrying a flashlight. Appellant was placed under arrest.

Officer McGee found a window to the house open. Below the window was a dust cover for a stereo. Clocks and a tape recorder were found near the rear gate. In the alleyway, there was a 1970 Rambler stationwagon. In the automobile was a television and a stereo turntable. The dust cover found beneath the window matched the turntable in the car. Keys found in appellant's pocket fit the ignition of the automobile.

No one was living in the house. The house was owned by Emma Lindemann who was confined to a boarding residence. According to Dorothy Lindemann, the last time Emma Lindemann had lived in the house was June 8, 1979, or

possibly June 8, 1980. Dorothy Lindemann and her husband were the conservators of Emma Lindemann's property. The house was entered into every day. A friend of Emma Lindemann, Mary Leal, took care of the house.

## DISCUSSION

*I The trial court did not err in finding appellant guilty of first degree burglary*

For appellant to be convicted of first degree burglary, Penal Code section 460 requires that the burglary be of an "inhabited dwelling house." Appellant contends the Lindemann house cannot be considered "inhabited" because Mrs. Lindemann had not lived in the residence for two and one-half years. She was under a conservatorship and had moved to a boarding residence. Respondent argues the evidence of first degree burglary was adequate because the record indicates the resident had been hospitalized and the house was still furnished and maintained. Thus, a strong inference can be drawn that Emma Lindemann was expected to return, the house was not *permanently* unoccupied, and that the owner was only temporarily absent.

In finding that the Lindemann house was an inhabited dwelling the trial court considered the facts noted by respondent and ruled:

"The law is clear that as defined in Penal Code 460 a dwelling house is inhabited if a person resides therein even though it may be temporarily unoccupied. See *People* v. *Valdez* (1962) 203 Cal.App.2d 559. In *People* v. *Lewis* (1969) 274 Cal.App.2d 912 the Court stated that 'inhabited dwelling house' was intended to mean a building currently (emphasis added) used as sleeping and living quarters.[1]

"From the meager facts set forth in the preliminary transcript the court draws the inference that Emma Lindemann has not vacated or abandoned her residence but fully intends to return. In this sense the house is currently used as sleeping and living quarters and is inhabited even though temporarily unoccupied.

"The Court finds the burglary to have been burglary of the first degree."

We agree with the trial court's finding. However, the cases it cited, as well as the cases cited by respondent, are distinguishable from the instant situation because the absences in those cases were of short duration and it was clear the occupant was going to return. *People* v. *Chavira* (1970) 3 Cal.App.3d 988, 992

---

"[1]The definition of 'inhabited dwelling' in *Lewis* was not necessary to the decision since the court found that the defendant was a first degree burglar by reason of the fact that he was armed. Despite its being dictum the court's statement is a correct statement of the law."

[83 Cal.Rptr. 851] held that the conviction of shooting at an inhabited dwelling (Pen. Code, § 246) was proper even though the occupants were temporarily absent. (See also *People* v. *Loggins* (1955) 132 Cal.App.2d 736 [282 P.2d 961] [victim away for the evening]; *People* v. *Gilbert* (1961) 188 Cal.App.2d 723 [10 Cal.Rptr. 799] [victim away for the day]; *People* v. *Allard* (1929) 99 Cal.App. 591 [279 P. 182] [victim away for two or three days].) This temporary absence analysis has correctly been applied to a situation where the residents were on a five-week vacation. (*People* v. *Hann* (1930) 104 Cal.App. 492 [285 P. 1070].)

On the other end of the spectrum is *People* v. *Valdez* (1962) 203 Cal.App.2d 559 [21 Cal.Rptr. 764] where the defendant burglarized an unoccupied rental unit. Actual occupancy for this unit was scheduled for four days after entry. The court found there was no temporary absence and the unit was not the residence of the new tenant, the old tenant, or the landlord. The court ruled the unit was uninhabited and reversed the defendant's first degree burglary conviction.

It is clear the issue in the instant case turns on whether a dwelling can be considered "inhabited" where the resident has moved to a boarding home, has had a conservatorship appointed over her, the house is being maintained, and there is a doubt she will return. Penal Code section 459 was amended in 1979 to include, and still includes, a definition of "inhabited": "As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not."

■ The fundamental rule of statutory construction is that the court ascertain legislative intent so as to effectuate the purpose of the law. (*Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 132 [142 Cal.Rptr. 325].)

■ A dwelling house is inhabited even though the occupant is temporarily absent. (*People* v. *Chavira, supra,* 3 Cal.App.3d 988, 992.) *People* v. *Lewis* (1969) 274 Cal.App.2d 912, 918 [79 Cal.Rptr. 650] tells us that "the 'inhabited—uninhabited' dichotomy turns not on the immediate presence or absence of some person but rather on the character of the use of the building." From this we conclude it is the present use rather than past or future intended use which is determinative. (*People* v. *Valdez, supra,* 203 Cal.App.2d 559.)

Just as we look to the intent of the intruder at the time of entry in determining whether the crime of burglary was committed, so must we look to the intent of the occupier or person entitled to occupy the dwelling to determine if it is inhabited within the meaning of Penal Code section 459. Professor Perkins tells us, "after a man has established a house as his dwelling it retains this character so long as he intends it to be his place of habitation even though he and his en-

tire household are away, unless it is actually taken from him against his will. . . . [T]he length of the absence seems to be significant only in connection with matter of intention." (Perkins on Criminal Law (2d ed. 1969) p. 203.) In *People* v. *Allard, supra,* 99 Cal.App. 591, 592, the court stated: "It has never been held that a person loses his residence by reason of a brief absence from the house where he lives, and without evidence of an intention to depart therefrom and go live in some other place."[1]

There is no evidence in the record that Lindemann or her conservators acting on her behalf ever vacated or abandoned her residence to live in some other place. The trial court concluded "that Emma Lindemann has not vacated or abandoned her residence but fully intends to return" and that the dwelling at the time of the burglary was inhabited even though temporarily unoccupied. It is the intent and not the length of absence which controls. For the reasons stated, we agree with the trial court's conclusion.

II *The trial court erred when it refused to grant probation to appellant*

Appellant was sentenced on February 24, 1982. The district attorney argued for a California Youth Authority commitment, noting he did not see any special circumstances supporting an imposition of probation under the provisions of Penal Code section 462.[2] Appellant's attorney asked the court to consider probation.

The court stated that to grant probation "We have got to pretend that unusual circumstances exist because we don't want to send this young man to—either to CYA or state's prison, and I see no unusual circumstances in that sense. I was prepared to follow the probation officer's report, but when you stop and take a step back and take another look you just see that there are no unusual circumstances."

The court accepted the facts that appellant was young, had never been on probation before, had never been in jail for more than 10 days, had strong family

---

[1] Of interest, although not directly in point, it was ruled in the 1500's, and has been often repeated since, that a man may have two dwellings at the same time actually used during alternate periods and the burglary may be committed in the one not being used at the moment. (Resolution of Judges, Popham, 52 (1593) 79 Eng.Rep. 1169.)

[2] Penal Code section 462, in effect at time of sentence, reads in relevant part:

"(a) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary in the nighttime, or a felony burglary in the daytime, of an inhabited dwelling house or trailer coach, as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building.

". . . . . . . . . . . . . . . . . . . . . . .

"(c) If the court grants probation under subdivision (a) or (b), it shall specify the reason or reasons for such order on the court record." (Stats. 1980, ch. 42, § 1, p. 106.)

ties, and would do well on probation. However, the court did not consider these facts to be unusual circumstances within the meaning of Penal Code section 462. The only unusual circumstance the court could conjure up was the fact that appellant may have reasonably believed the home was not occupied. The court denied probation "because of the proscription of Penal Code section 462" and sentenced appellant to California Youth Authority for the lower term of two years. "The reason that the court is imposing the minimum term is because of the various factors that we have discussed here. The defendant is youthful, he was only 18 when this offense was committed. There is some problem with whether or not he could have believed that the residence was an inhabited dwelling house at the time he entered, he lacks any prior felony convictions, never been to jail for more than 10 days."

Appellant now argues Penal Code section 462 clearly gives the trial court discretion to grant probation and the court totally ignored this grant of discretion. Respondent, in turn, argues the court clearly understood its power and properly exercised it.

■ The trial court has broad discretion to grant or deny probation, except where otherwise limited by statute, and a decision denying probation will be reversed only upon a clear showing of abuse and that the court acted in a capricious or arbitrary manner. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 807 [135 Cal.Rptr. 411, 557 P.2d 995]; *People* v. *Hernandez* (1980) 111 Cal.App.3d 888, 898 [168 Cal.Rptr. 898].) A heavy burden is placed on a defendant in attempting to show an abuse of discretion in denying a request for probation. (*People* v. *Goodson* (1978) 80 Cal.App.3d 290, 295 [145 Cal.Rptr. 489].) However, an erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion. (*People* v. *Jackson* (1980) 102 Cal.App.3d 620, 624 [162 Cal.Rptr. 574].)

■ Here it appears that neither the court nor the parties were aware of California Rules of Court, rule 416 which reads in its entirety:

"When the granting of probation is prohibited by statute except in unusual cases where the interests of justice would best be served by granting probation, the following facts may indicate the existence of an unusual case:

"(a) If the defendant was armed with a deadly weapon at the time of the perpetration of the crime or of arrest, the fact that the crime was committed without advance planning or under circumstances of great provocation, and the defendant has no recent record of committing crimes of violence.

"(b) If the defendant inflicted great bodily injury or used or attempted to use a deadly weapon in the perpetration of the crime, the fact that the crime was

committed without advance planning or under circumstances of great provocation and the defendant has no recent record of committing crimes of violence.

"(c) If the defendant has suffered one or more previous felony convictions, the fact that the last felony conviction and release from incarceration occurred a substantial time prior to the current crime, and during the interim the defendant led a life free from serious violation of the law.

"(d) The fact that the defendant participated in the crime under circumstances of coercion or duress not amounting to a defense.

"(e) The fact that the crime was committed because of psychological problems not amounting to a defense, that psychological or psychiatric treatment will be required as a condition of probation, and that the court is convinced that the treatment has a high likelihood of being successful and that the defendant will not be a danger to others.

"(f) The fact that the defendant is youthful or aged, and has no significant record of prior criminal offenses.

"(g) The fact that the defendant or a member of his immediate family is in extremely poor health, and imprisonment of the defendant would be likely to seriously worsen that health problem."

Clearly, the court could have granted probation under subsection (f). Because it appears from the record the court was either misinformed or misunderstood its discretionary powers under California Rules of Court, rule 416, the matter must be remanded for resentencing under the law in effect at that time.

The first degree burglary conviction is affirmed. The matter is remanded for resentencing at which time the trial court will consider the application of California Rules of Court, rule 416, in determining whether a grant of probation is appropriate.

Franson, Acting P. J., and Hanson (P. D.), concurred.