Filed 1/7/15  P. v. Vasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD VASQUEZ, JR. et al.,<br><br>Defendants and Appellants. | F067346<br><br>(Super. Ct. No. F12905290)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Don D. Penner, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant Richard Vasquez, Jr.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant Sheila Marie Escobar.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

On July 19, 2012, appellants Richard Vasquez, Jr. (Vasquez) and Sheila Marie Escobar were charged in the stabbing death of Brandon Cruz.[1]  Vasquez was charged with one count of murder (count 3; Pen. Code,[2] § 187, subd. (a)), while Escobar was charged with one count of assault with a deadly weapon (count 4; § 245, subd. (a)).

Prior to preliminary examinations, the charge against Vasquez was amended to one count of voluntary manslaughter (§ 192, subd. (a)).  Vasquez entered a plea of no contest, and was sentenced to the upper term of 11 years in prison.  In exchange for a dismissal of the assault charge, Escobar entered a plea of no contest to one count of being an accessory after the fact to voluntary manslaughter (§ 32), and was sentenced to the middle term of two years in County Jail.

On appeal, Vasquez argues that the trial court erred by sentencing him to the upper term of 11 years rather than the middle term of six years, while Escobar argues that (1) the trial court erred by denying Escobar's request for probation, and (2) that the trial court erred by declining to impose a split sentence on Escobar.  None of these arguments are persuasive, and the judgments will be affirmed.

## FACTS

On July 15, 2012, appellants Vasquez and Escobar were drinking with their neighbor, Brandon Cruz, in the parking lot of their apartment complex.  Eventually, Vasquez and Cruz got into an argument, and Cruz called Vasquez a "puto."  The two men then got into a physical altercation, with Vasquez slamming Cruz's head into the concrete, and Cruz kicking Vasquez in the face.

---

[1]     Charges were also filed against Richard Vasquez III and Gabriel Garcia, Jr.  Those men are not parties to this appeal.

[2]     Unless otherwise specified, all statutory references are to the Penal Code.

2.

After the two men were separated, witnesses observed Escobar chasing after Cruz with a knife, while Vasquez retrieved a rifle and recruited two other men, Richard Vasquez III and Gabriel Garcia, to assist him.  Shortly thereafter, Vasquez, Escobar, Vasquez III, and Garcia assaulted Cruz, who suffered a fatal stab wound to the heart.

Early the next morning, police conducted a search of the home shared by Vasquez and Escobar, where they found a rifle and a bloody folding knife.  Upon being questioned by the police, both Escobar and Vasquez denied knowing what had happened to Cruz.  Vasquez and Escobar were subsequently arrested and charged with murder and assault with a deadly weapon, respectively.

Prior to preliminary examination, Vasquez entered a plea of no contest to one count of voluntary manslaughter, while Escobar entered a plea of no contest to one count of being an accessory after the fact to voluntary manslaughter.  The remaining charges were dropped, and Vasquez was sentenced to 11 years in prison, while Escobar was sentenced to two years in County Jail.  This appeal followed.

## DISCUSSION

### I. The Trial Court Did Not Abuse Its Discretion By Sentencing Vasquez to The Upper Term of 11 Years.

#### A. Standard of Review.

When reviewing a trial court's weighing of circumstances in aggravation and mitigation, "[i]n the absence of a clear showing that its sentence choice was arbitrary or irrational, we must presume the sentencing court acted properly.  [Citation.]" (*People v. Hubbell* (1980) 108 Cal.App.3d 253, 260.)

#### B. Analysis.

Under California Rules of Court, when a prison sentence is imposed, "the sentencing judge must select the upper, middle, or lower term on each count for which the defendant has been convicted[.]" (Cal. Rules of Court, rule 4.420(a).)  The reasons for selecting one of those three terms must be stated orally on the record.  (Cal. Rules of

3.

Court, rule 4.420(e).) The trial court has broad discretion when weighing aggravating and mitigating factors, and only one aggravating factor is needed to justify imposing the upper term. (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401; *People v. Osband* (1996) 13 Cal.4th 622, 728.)

Here, the trial court imposed the upper term of 11 years rather than the middle term of six years when sentencing Vasquez for voluntary manslaughter. Prior to imposing that sentence, the trial court stated several factors in aggravation and mitigation on the record. In aggravation, the trial court found that Vasquez had two previous violent felony convictions, had numerous probation violations, had called for assistance from others in committing the crime in question, and had initially denied culpability to the police. In mitigation, the trial court found that Vasquez had entered an early plea, had past military service, had been provoked to "some extent" by the victim, and had one of his prior felony convictions dismissed pursuant to section 1203.4 after completing probation. The trial court concluded by stating the following:

> "[THE COURT:] On balance, I do find that the aggravating factors are outweighed by the mitigating factors and the court selects and I want the record to be clear, I am relying significantly on the defendant's prior felony that was reduced pursuant to 1203.4 so that the record's clear, even though it was reduced I'm relying on that significant factor as a factor in aggravation for this current crime. The court makes a finding the aggravating factors outweigh any mitigating factors. The defendant is sentenced to the California Department of Corrections and Rehabilitation for the aggravated term of 11 years."

On appeal, Vasquez raises two objections to the trial court's determination. First, Vasquez asserts that the trial court erred by counting his dismissed felony conviction as both an aggravating factor and a mitigating factor. This argument is without merit. The mere fact a felony conviction is dismissed does not mean that the felony conviction never occurred, and Vasquez fails to cite any legal authority in support of the proposition that a trial court may not consider a dismissed felony conviction as an aggravating factor at sentencing. Indeed, far from being erroneous, the trial court's approach of treating the

4.

felony conviction as an aggravating factor while treating the subsequent dismissal of the conviction as a mitigating factor is both logical and appropriate. The subsequent dismissal clearly reduced the negative impact of the prior felony conviction in the eyes of the trial court, but not to such an extent that the past conviction was not seen as an aggravating factor. Therefore, given the broad sentencing discretion of the trial court, we find that the trial court did not abuse its discretion by treating Vasquez's prior felony conviction as an aggravating factor.

Second, Vasquez argues that the trial court failed to clearly state its reasoning on the record, as it initially stated in the quoted portion above that "the aggravating factors are outweighed by the mitigating factors," before eventually concluding that "the aggravating factors outweigh any mitigating factors[.]" Reading the entire quote, however, it is clear the trial court found the aggravating factors outweighed the mitigating factors, and its original statement to the contrary was merely a misstatement. The quoted portion focuses primarily on aggravation, and then states that the aggravating factors outweigh the mitigating factors before sentencing Vasquez to the aggravated term.

In fact, far from being unclear, the trial court's findings at sentencing clearly stated numerous factors in aggravation and mitigation on the record before concluding that the factors in aggravation outweighed the factors in mitigation. While Vasquez focuses his arguments on his dismissed felony conviction, the trial court also cited an additional, more recent, violent felony conviction, "many" probation violations, and other factors in aggravation as well. Therefore, we find that the trial court did not abuse its discretion by sentencing Vasquez to the upper term of 11 years for voluntary manslaughter, and Vasquez is not entitled to relief.[3]

---

[3]     On appeal, Vasquez argued in the alternative that, should we find that this argument waived, his trial counsel was ineffective for failing to object to the trial court's imposition of the upper term. As we did not deem Vasquez's primary argument on appeal waived, there is no need for us to address Vasquez's ineffective assistance claim.

## II.   The Trial Court Did Not Abuse Its Discretion by Denying Escobar's Request for Probation.

### A.   Standard of Review.

We review a trial court's decision to deny probation for an abuse of discretion. (*People v. Marquez* (1983) 143 Cal.App.3d 797, 803.)

### B.   Analysis.

"All defendants are eligible for probation, in the discretion of the sentencing court [citation], unless a statute provides otherwise." (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)   "A sentencing court must state adequate reasons for denying probation and imposing the middle term.  [Citations.]" (*People v. Roe* (1983) 148 Cal.App.3d 112, 119.)  "Unless the record affirmatively shows otherwise, a trial court is deemed to have considered all relevant criteria in deciding whether to grant or deny probation[.]" (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313.)

Here, the trial court denied Escobar's request for probation despite finding that she was eligible.  In support of its decision, the trial court found that, due to the seriousness of the crime, Escobar's lack of remorse, and her initial denial of any knowledge concerning Cruz's death to police, Escobar posed a danger to the community.  The trial court subsequently found that the factors in aggravation and mitigation were equal, and imposed the middle term of two years.

On appeal, Escobar argues that the factors found in California Rules of Court, rule 4.414 favored probation over imprisonment.  This rule reads as follows:

"Criteria affecting the decision to grant or deny probation include facts relating to the crime and facts relating to the defendant.

**"(a) Facts relating to the crime**

"Facts relating to the crime include:

"(1) The nature, seriousness, and circumstances of the crime as compared to other instances of the same crime;

"(2) Whether the defendant was armed with or used a weapon;

"(3) The vulnerability of the victim;

"(4) Whether the defendant inflicted physical or emotional injury;

"(5) The degree of monetary loss to the victim;

"(6) Whether the defendant was an active or a passive participant;

"(7) Whether the crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur;

"(8) Whether the manner in which the crime was carried out demonstrated criminal sophistication or professionalism on the part of the defendant; and

"(9) Whether the defendant took advantage of a position of trust or confidence to commit the crime.

**"(b) Facts relating to the defendant**

"Facts relating to the defendant include:

"(1) Prior record of criminal conduct, whether as an adult or a juvenile, including the recency and frequency of prior crimes; and whether the prior record indicates a pattern of regular or increasingly serious criminal conduct;

"(2) Prior performance on probation or parole and present probation or parole status;

"(3) Willingness to comply with the terms of probation;

"(4) Ability to comply with reasonable terms of probation as indicated by the defendant's age, education, health, mental faculties, history of alcohol or other substance abuse, family background and ties, employment and military service history, and other relevant factors;

"(5) The likely effect of imprisonment on the defendant and his or her dependents;

"(6) The adverse collateral consequences on the defendant's life resulting from the felony conviction;

"(7) Whether the defendant is remorseful; and

"(8) The likelihood that if not imprisoned the defendant will be a danger to others."

In this case, the record shows that the trial court considered the seriousness of the crime, Escobar's lack of remorse, and the likelihood that Escobar would pose a danger to others if she was not imprisoned. Escobar, however, contends that those factors are outweighed by her lack of criminal record, history of poor health, and ties to the community. Despite these assertions, there is no evidence that the trial court failed to consider those factors, and indeed the court made specific mention during sentencing of

7.

Escobar's "insignificant" criminal record, and also acknowledged that it had read Escobar's probation report, which included a section on Escobar's health and contained letters in support from friends and family.

Further, "it is not our function to substitute our judgment for that of the trial court. Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 825.) Here, the trial court's decision was neither arbitrary nor capricious, but rather based on its discretionary weighing of the relevant factors, including the severity of the crime and Escobar's lack of remorse. Accordingly, we find that the trial court did not abuse its discretion by denying Escobar's request for probation, and Escobar is not entitled to relief.

## III. The Trial Court Did Not Abuse Its Discretion by Declining to Impose a Split Sentence.

### A. Standard of Review.

We review a trial court's decision not to impose a "'split'" or "'blended'" sentence for an abuse of discretion. (*People v. Clytus* (2012) 209 Cal.App.4th 1001, 1009.)

### B. Analysis.

Under section 1170, subdivision (h)(5), sentencing courts may impose either a straight jail commitment for the full term of the sentence, or suspend execution of a "concluding portion of the term[,]" during which time the defendant shall be supervised by the probation department. (§ 1170, subd. (h)(5)(B)(i).) "The sentencing court has considerable discretion in imposing such a so-called 'split' or 'blended' sentence[.]" (*People v. Clytus*, *supra,* 209 Cal.App.4th at p. 1009.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized

consideration of the offense, the offender, and the public interest.' [Citation.]" (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

Here, the trial court acknowledged at sentencing that it had the authority to split Escobar's prison term, but declined to do so, citing "the nature of the felony that [Escobar] assit[ed] in trying to prevent apprehension or punishment for[.]" As the trial court based this decision on an "individualized consideration of the offense," we find that the trial court did not abuse its discretion by declining to impose a split sentence in this case.

## DISPOSITION

The judgments are affirmed.

_____
LEVY, Acting P.J.

WE CONCUR:

_____
GOMES, J.

_____
FRANSON, J.