Filed 2/25/25  P. v. Bush CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083769 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF2302245) |
| DERRICK JASON BUSH, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Riverside County, Francisco Navarro, Judge.  Reversed and remanded with directions, and affirmed in all other respects.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

Derrick Jason Bush appeals the amount the trial court imposed as a restitution fine.  The People concede error.  We accept the concession, resolve

this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), reverse and remand for the limited purpose of allowing the court to exercise its discretion in imposing the restitution fine, and affirm in all other respects.

## I.

After a jury convicted Bush of attempted robbery (Pen. Code, §§ 211, 664), false imprisonment (§ 236), criminal threats (§ 422), and found true three weapon enhancement allegations (§ 12022(b)(1)), the trial court sentenced Bush to prison for a term of three years.

The court also imposed various fees and fines, including a $2,700 restitution fine under section 1202.4. To calculate the restitution fine, the court took the $300 statutory minimum and multiplied it by the number of years in prison and the number of felony convictions using a statutory formula. The court thought it "imposed the bare minimum" fines and fees.

Nearly a year later, Bush's appellate counsel sent a letter to the trial court asking it to reduce the restitution fine to $300, as required under Penal Code section 1237.2, but counsel did not receive a response. We deny Bush's motion to augment the record to include this letter, but we judicially notice it under Evidence Code section 452(d).

## II.

Bush claims the trial court imposed a higher restitution fine than intended by mistakenly using an *optional* multiplying formula. The People concede the court appears to have misunderstood its discretion and request we remand the matter for purposes of allowing the trial court to exercise its informed discretion in setting the restitution fine. We accept the People's concession.

Defendants are entitled to sentencing decisions made by a court exercising its informed discretion.  (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)  An erroneous understanding of its discretionary power is not a true exercise of informed discretion.  (*People v. Marquez* (1983) 143 Cal.App.3d 797, 803.)  When the record shows the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary to allow the court the opportunity to exercise its informed discretion.  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

Here, the trial court used a statutory formula to calculate the restitution fine, and in doing so increased the restitution fine above the $300 statutory minimum.  Penal Code section 1202.4(b)(2) states a court *may* set the restitution fine as a product of the $300 minimum fine under section 1202.4(b)(1) multiplied by (1) the number of years of imprisonment sentenced and (2) the number of felony convictions sustained.  The language of the statute does not *require* a court to increase the restitution fine above the $300 minimum.

But the court here mistakenly believed the multiplying formula was mandatory based on its comment that it "imposed the bare minimum."  Because the record appears to show the court misunderstood its discretion, we remand so the trial court may exercise its informed discretion in imposing a restitution fine.

III.

We reverse the $2,700 restitution fine and remand for the limited purpose of allowing the trial court to exercise its discretion in imposing this restitution fine.  In all other respects, we affirm the judgment.


                                                           CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.