Filed 1/13/26  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084217 |
| v. | (Super.Ct.No. FMB23000201) |
| AARON DONTE JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rasheed M. Alexander, Judge.  Affirmed as modified.

Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Caelle Oetting, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Aaron Donte Jones of one count of first degree burglary. (Pen. Code, §§ 459, 460; unlabeled statutory references are to this code.) On appeal, he challenges the sufficiency of the evidence supporting the conviction and contends that the trial court gave the jury an erroneous instruction. We correct an error in the abstract of judgment but otherwise affirm.

BACKGROUND

In 2022, David Nguyen purchased a residence on Aspen Drive in Twentynine Palms, California. He primarily used it as an Airbnb rental and rented it throughout the year. There is an Airbnb sign in front of the property, as required by the city. Nguyen lives approximately two and one-half hours away from the Aspen Drive property.

On June 7, 2023, Nguyen's next-door neighbor in Twentynine Palms, Lawrence Magnani, informed Nguyen that he had noticed a couple taking full garbage bags from Nguyen's Aspen Drive property and loading them into a car. Nguyen did not know the couple and did not give them permission to be in the residence or to remove any items from it. No one was inside the residence when the couple entered it. A guest had booked the property for rental starting that day but had not yet arrived. Nguyen waited until the Airbnb guests left several days later to call law enforcement.

Magnani provided the police with video recordings of the incident taken from a surveillance camera at his home. A sheriff's deputy identified Jones in the recordings. Nguyen and Magnani described the items that were taken from the house, which included

a laundry basket, a vacuum, a karaoke machine, a flashlight, a painting, cleaning supplies, and a lockbox.

Before and after June 7, 2023, Nguyen "randomly" stayed overnight at the Aspen Drive property, usually over "a few days for the weekend." Before that date, Nguyen had last stayed at the property in October or November 2022. During his last visit, Nguyen intended to return to the Aspen Drive property in the future to stay there again. If the June 7, 2023, incident had not happened, Nguyen would have stayed overnight at the property during that month. Nguyen usually stayed at the property to decorate, restock supplies, and do repair work.

Nguyen testified that he and his family had also used the Aspen Drive house to "vacation" for one day or "multiple days." Asked whether he had ever celebrated a holiday there, Nguyen initially testified, "Not that I recall." Nguyen also testified that his family did not "normally stay too long. It would just be a quick stay, or if it's to, like, celebrate holiday, we might stay over the weekend, maybe Friday into Sunday." Nguyen would not take an overnight bag with him to the property when he stayed. Asked whether he had "personal items at the property," Nguyen initially responded, "Yeah, most of the stuff from there. Maybe some clothes if we need to, but we don't normally stay too long." The prosecutor then asked Nguyen if he had "personal clothes and things like that" at the Aspen Drive property, and Nguyen answered, "No."

At trial in April 2024, Nguyen testified that he had stayed at the Aspen Drive property for a total of approximately two weeks. Magnani testified that he believed that

3

Nguyen used the property as an Airbnb rental. According to Magnani, Nguyen visited the property more frequently in the first six months after he bought it. Magnani testified that Nguyen "stayed there for a couple of days at a time just to fix the place up." Magnani thereafter saw Nguyen about once every three months.

## DISCUSSION

I.    *Sufficiency of the evidence*

Jones contends that there was insufficient evidence to establish that the Aspen Drive residence was inhabited when it was burglarized. We disagree.

"In reviewing a sufficiency of the evidence claim, our role is limited. We review the entire record to determine whether it discloses reasonable and credible evidence to allow a rational trier of fact to determine guilt beyond a reasonable doubt." (*People v. Cardenas* (2020) 53 Cal.App.5th 102, 119, fn. 11.) "We draw all reasonable inferences in favor of the judgment." (*Ibid.*) "Matters of credibility of witnesses and the weight of the evidence are ""the exclusive province"" of the trier of fact." (*Ibid.*) "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.'" (*People v. Perez* (1992) 2 Cal.4th 1117, 1124 (*Perez*); *People v. Rodriguez* (2000) 77 Cal.App.4th 1101, 1106.)

Section 459 defines burglary as entering "any house . . . with intent to commit grand or petit larceny." There are two degrees of burglary. (§ 460, subds. (a)-(b).) "Every burglary of an inhabited dwelling house . . . is burglary of the first degree."

4

(§ 460, subd. (a) (section 460(a)).) "All other kinds of burglary are of the second degree." (§ 460, subd. (b).) The statutory definition of the term "'inhabited'" is "currently being used for dwelling purposes, whether occupied or not." (§ 459.) "'Dwelling house'" is not defined." (*Corona v. Superior Court* (2021) 65 Cal.App.5th 950, 955.)

Our Supreme Court has recognized that the term "'inhabited dwelling house'" as used in section 460(a) "means a 'structure where people ordinarily live and which is currently being used for dwelling purposes. [Citation.] A place is an inhabited dwelling if a person with possessory rights uses the place as sleeping quarters intending to continue doing so in the future.'" (*People v. Cruz* (1996) 13 Cal.4th 764, 776 (*Cruz*), quoting *People v. Fleetwood* (1985) 171 Cal.App.3d 982, 987 (*Fleetwood*).) "The "'inhabited-uninhabited' dichotomy turns not on the immediate presence or absence of some person but rather on the character of the use of the building."'" (*People v. DeRouen* (1995) 38 Cal.App.4th 86, 91-92 (*DeRouen*), disapproved on another ground in *People v. Allen* (1999) 21 Cal.4th 846, 864-866; *People v. Hughes* (2002) 27 Cal.4th 287, 355 (*Hughes*).) The issue of whether a dwelling is inhabited is a question of fact for the jury to resolve. (*People v. Burkett* (2013) 220 Cal.App.4th 572, 582 (*Burkett*).)

In *DeRouen*, the defendant argued that vacation or second homes that "were not the victims' 'regular, primary living quarters'" did not qualify as inhabited under sections 459 and 460, because there was no evidence that any of the victims intended to return to their homes for more than an overnight visit. (*DeRouen*, *supra*, 38 Cal.App.4th at pp. 90-

5

91.)  The Court of Appeal disagreed.  (*Id.* at pp. 91-92.)  Each of the victims had testified that they occupied their vacation or secondary home "sporadically."  (*Id.* at p. 92.)  The court concluded that "the occupant of a vacation home reasonably expects the same protection from unauthorized intrusions as the occupant of any other residence."  (*Ibid.*)  The court also concluded that "[t]here was ample evidence to support the jury's findings the vacation or second homes were inhabited dwellings to sustain [the] defendant's convictions for multiple burglaries in the first degree."  (*Ibid.*)

Substantial evidence supports the jury's determination that the Aspen Drive residence was inhabited when Jones burglarized it.  Nguyen testified that he and his family used the home as a personal vacation home and had stayed there overnight, sometimes for an entire weekend.  The jury could reasonably infer from Nguyen's testimony about the total amount of time that he spent at the property that the family used the property to vacation only occasionally or sporadically.  But Nguyen testified that when he last stayed at the Aspen Drive residence he planned to return to stay overnight in the future.  That testimony constitutes substantial evidence that the Aspen Drive residence was an inhabited dwelling, because "'a person with possessory rights use[d] the place as sleeping quarters intending to continue doing so in the future.'"  (*Cruz*, *supra*, 13 Cal.4th at p. 776; *Fleetwood*, *supra*, 171 Cal.App.3d at p. 987; see also *People v. Barnwell* (2007) 41 Cal.4th 1038, 1052 [testimony of a single witness can constitute substantial evidence].)

Citing *DeRouen*, Jones acknowledges that "even if the owner is not presently using the *vacation home*," "a *vacation home* that the owner uses only occasionally" "remains inhabited." Nevertheless, Jones argues that the evidence showed that the Aspen Drive property was "used solely as an Airbnb rental" and "that Nguyen operated the Aspen Drive property as a short-term vacation rental, not a personal vacation home." The record is to the contrary. Jones does not mention Nguyen's testimony that he brought his family to the property "as a vacation."

In his reply brief, Jones acknowledges that there is evidence that "on extremely rare occasions" Nguyen used the Aspen Drive property for personal vacation purposes. But Jones emphasizes that the evidence overwhelmingly demonstrates that Nguyen spent a very limited amount of time at the property in order to manage the property as a vacation rental. Jones argues that because the Aspen Drive property was used primarily as an Airbnb, it is more akin to a hotel or motel room and hence does not qualify as inhabited unless it is occupied by a guest when burglarized. (See *People v. Villalobos* (2006) 145 Cal.App.4th 310, 321 ["a hotel or motel room that is being used for purposes of habitation, regardless of the duration of the habitation, is an inhabited dwelling for purposes of first degree robbery and burglary"].) The record does contain substantial evidence that the Aspen Drive property was used as a rental property and was not occupied by a renter when burglarized, and the jury was free to disregard Nguyen's testimony that he also treated the property as a personal vacation home. (*People v. Disa* (2016) 1 Cal.App.5th 654, 668.)

But "that is not the test."  (*People v. Ceja* (1993) 4 Cal.4th 1134, 1143.)  The issue of habitation was a question of fact for the jury to resolve.  (*Burkett*, *supra*, 220 Cal.App.4th at p. 582.)  The issue on appeal is whether substantial evidence supports the jury's determination.  And in analyzing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether substantial evidence supports the verdict regardless of whether conflicting evidence might support a contrary result.  (*People v. Riley* (2015) 240 Cal.App.4th 1152, 1165-1166.)  We do not ask whether "'the circumstances might also be reasonably reconciled with a contrary finding.'"  (*Perez*, *supra*, 2 Cal.4th at p. 1124; *Ceja*, at p. 1143.)  Because substantial evidence supports the jury's determination, we reject Jones's argument that the evidence was insufficient because it could have supported a different result.

II.    *Alleged instructional error*

The trial court instructed the jury with the form instruction on the degrees of burglary as follows:  "First degree burglary is the burglary of an inhabited house, or room within a house.  [¶]  A house is *inhabited* if someone uses it as a dwelling, whether or not someone is inside at the time of the alleged entry."  (CALCRIM No. 1701.)  Over defense objection, the court gave the following additional instruction:  "A house is a dwelling if an owner stays at the residence with the intent to stay in the future."  On appeal, Jones contends that the added language misstates the law, so he argues that the trial court prejudicially erred by giving the modified instruction.  We independently

review claims of instructional error. (*People v. Rodriguez* (2009) 170 Cal.App.4th 1062, 1066.)

Jones contends that the added language "misstated the law by suggesting that an owner's future intent defines inhabitation, which is incorrect."[1] The contention fails. The modified instruction that "[a] house is a dwelling if an owner stays at the residence with the intent to stay in the future" closely tracks the principle articulated in *Fleetwood* that "[a] place is an inhabited dwelling if a person with possessory rights uses the place as sleeping quarters intending to continue doing so in the future." (*Fleetwood*, *supra*, 171 Cal.App.3d at p. 987.) The Supreme Court quoted that principle with approval in *Cruz*. (*Cruz*, *supra*, 13 Cal.4th at p. 776.) The instruction is a simplified version of the principle in that it replaces (1) "a person with possessory rights" (*Fleetwood*, at p. 987) with "owner", (2) "uses the place as sleeping quarters" (*ibid.*) with "stays at the residence," and (3) "intending to continue doing so in the future" (*ibid.*) with "with the

---

[1] Jones also makes the following arguments: (1) "Had the jury been properly instructed that future intent does not equate to present inhabitation, it would have regarded the home in question as a vacation rental, analogous to a hotel, where actual guest occupancy for repose is necessary to establish that it is inhabited," and (2) "[t]he jury needed to be informed that, contrary to the People's statements, present use is determinative rather than past or future intended use and merely declaring an intent to stay at some point is insufficient." Jones did not ask the trial court to give the jury such instructions, and the court does not have a sua sponte obligation to give the jury a pinpoint instruction on the defense's theory of the case. (*Hughes*, *supra*, 27 Cal.4th at p. 361.) Jones therefore forfeited the issue. (*People v. Jones* (2014) 223 Cal.App.4th 995, 1001.)

intent to stay in the future."  Because the instruction closely tracks the language of

*Fleetwood* and *Cruz*, it is an accurate statement of the law.**2**

Relying on *Burkett* and *People v. Marquez* (1983) 143 Cal.App.3d 797, Jones

argues that "case law unequivocally holds that an owner's stated future intent does not

satisfy the requirement for establishing a dwelling as inhabited."  The argument fails

because the challenged instruction did not say that an owner's future intent is sufficient

on its own to show that a house is inhabited.  Rather, the instruction correctly explains

that if the owner *stays at the house* with the intent to do so in the future, then the house is

inhabited.  *Burkett* and *Marquez* do not hold to the contrary.  (*Burkett*, *supra*, 220

Cal.App.4th at p. 582; *Marquez*, at p. 802.)

III.  *Abstract of judgment*

At sentencing, the court imposed two consecutive five-year enhancements for

prior serious felony convictions.  (§ 667, subd. (a)(1) (section 667(a)(1)).)  The People

point out that the abstract of judgment erroneously reflects that Jones received one 10-

year enhancement under section 667(a)(1) for a prior serious felony conviction.  We

agree with the People's characterization of the abstract.  We accordingly direct the trial

court to prepare a corrected abstract reflecting that the trial court imposed two

---

**2**     In his reply brief, Jones argues that the instruction "merged 'dwelling' with 'inhabited,' making future intent dispositive, which is both legally incorrect and constitutionally impermissible."  The argument is meritless.  Section 459 provides that "'inhabited' means currently being used for dwelling purposes," and the principle stated in the jury instruction is a legally correct explication of "currently being used for dwelling purposes," as explained in *Fleetwood* and *Cruz*.

consecutive five-year serious felony enhancements.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-187.)

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment to reflect that Jones received two consecutive five-year enhancements for prior serious felony convictions under section 667(a)(1), rather than one 10-year enhancement.  The trial court is further directed to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.