Filed 3/19/26  P. v. Garamallo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087588 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR1377) |
| LOWELL A. GARAMALLO, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Harrell, J.

## INTRODUCTION

Appellant and defendant Lowell A. Garamallo (defendant) was sentenced on multiple felony convictions pursuant to the Three Strikes law in 1996, which included prior prison term enhancements. In 2023, defendant was resentenced under Penal Code[1] section 1172.75. The trial court struck his now-invalid prior prison term enhancements but declined to resentence him under the Three Strikes Reform Act (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2021)) (Reform Act). On appeal, defendant claims he was entitled to a full resentencing under the current Three Strikes law because several of his three strike offenses no longer qualify. The People agree that defendant's case should be remanded for the court to exercise its discretion and consider his Three Strikes offenses in accordance with the recent Supreme Court decision in *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838 (*Guevara*).

We agree and remand for the trial court to exercise its discretion in accordance with *Guevara*.

## PROCEDURAL SUMMARY[2]

In 1996, defendant was convicted of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 1), sexual battery (§ 243.4, subd. (a); count 2), two counts of assault with the intent to commit a felony (§ 220; counts 3 & 12), furnishing a controlled substance to a minor (Health & Saf. Code, § 11380, subd. (a); count 4), two counts of furnishing marijuana to a minor (Health & Saf. Code, § 11361, subd. (b); counts 7 & 10), unlawful sexual intercourse (§ 261.5, subd. (c); count 8), oral copulation with a person under the age of 18 (former § 288a, subd. (b)(1); count 9) and committing a lewd act on a child (§ 288, subd. (a); count 11). Defendant's sentence was

---

[1] Hereinafter, undesignated statutory references are to the Penal Code.

[2] The facts of the underlying offense are not relevant to the issue on appeal and are therefore, intentionally omitted.

enhanced by three prior prison term enhancements (former § 667.5, subd. (b)), a prior serious felony enhancement (§ 667, subd. (a)(1)), and three prior strike allegations (former §§ 667, subds. (b)–(i), 1170 (a)–(d)) from 1983, 1987 and 1991. The trial court sentenced defendant to an aggregate term of 213 years to life in prison.

In 2023, the trial court ordered a resentencing hearing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1, 3). Defendant filed a letter brief asking the court to strike his three now-invalid prior prison term enhancements (§ 667.5, subd. (b)). Because he was entitled to a full resentencing under section 1172.75, defendant asked the court to exercise its discretion to dismiss his 1983 strike under *Romero*[3] and section 1385 or to resentence him under the Reform Act contending counts 1, 7, 8, 9, and 10 no longer met the requirements and he could no longer be sentenced to an indeterminate term on those counts. Additionally, defendant asked the court to exercise its discretion to dismiss his five year prior serious felony enhancement under section 667, subdivision (a)(1) pursuant to Senate Bill No. 81 (2021– 2022 Reg. Sess.).

The prosecutor filed a response acknowledging defendant's prior prison term enhancements should be stricken but opposing any further relief. The prosecutor cited rule violations defendant incurred while in prison, which were four instances related to possession of a cell phone and one instance of manufacturing pruno.

At the hearing, the trial court stated that "[w]ith regard to resentencing under [Proposition] 36, … [s]ection 1170.126, [defendant's] time to make those requests expired on November 7, 2014, more than nine years ago, and … the [c]ourt has not been provided any legal or other justification for the delay in making this request." It concluded Senate Bill No. 483 did not revive the long-expired relief that was available under Proposition 36 and denied the motion on this basis. The court struck the three prior

---

**3**      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

prison term enhancements but declined to exercise its discretion to strike defendant's prior strike, dismiss the prior serious felony enhancement, or resentence defendant under the current Three Strikes law.

Appellant filed an appeal.

## DISCUSSION

### The Trial Court Erroneously Concluded it Was Precluded From Resentencing Defendant on His Three Strike Sentences in a Section 1172.75 Resentencing.

#### Standard of Review

Generally, a trial court's discretionary decision whether to dismiss or strike a sentencing allegation or enhancement is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373; accord, *People v. Williams* (1998) 17 Cal.4th 148, 159.) " ' "[T]he burden is on the party attacking the sentence to clearly show the sentencing decision was irrational or arbitrary." ' " (*Carmony*, at p. 376.)

However, a trial court's discretion must be " 'guided and controlled by fixed legal principles' " and " 'exercised in conformity with the spirit of the law.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.) "A trial court abuses its discretion when it applies the wrong legal standards applicable to the issue at hand." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 85.) Additionally, "an erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion." (*People v. Marquez* (1983) 143 Cal.App.3d 797, 803.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) A trial court that misunderstands the scope of its sentencing discretion cannot be said to have properly exercised that discretion. (*Ibid*.; accord, *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) In such circumstances, the appropriate remedy is to remand for resentencing unless the record clearly indicates the

4.

court would have reached the same conclusion "even if it had been aware that it had such discretion." (*Gutierrez*, at p. 1391; *Belmontes*, at p. 348, fn. 8.)

**Applicable Law**

"[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders." (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 528.) Under the original Three Strikes law, a defendant with two or more prior serious or violent felony convictions would be sentenced to a life term for a current felony conviction even if the current conviction was not a serious or violent felony. (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(C).) Unless the trial court articulated reasons why the defendant fell outside the Three Strikes scheme, the law excluded discretionary choice; establishing requirements to be applied in every case. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)

In 2012, the Reform Act was enacted under Proposition 36, amending the law to reduce the punishment prescribed for certain Three Strikes offenders. (See *People v. Conley* (2016) 63 Cal.4th 646, 651.) Under the Reform Act, a defendant with two or more prior serious or violent felony convictions, whose current conviction is for a nonserious or nonviolent felony, receives a doubled sentence rather than a life sentence, unless certain disqualifying factors were proven. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) Within two years of the effective date of the Reform Act, a person currently serving a life sentence pursuant to the Three Strikes law for a nonserious or nonviolent felony was permitted to petition for resentencing. (§ 1170.126, subd. (b).) If the petitioner satisfied the criteria for resentencing, the petitioner was resentenced as a second strike offender with a doubled term, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f); see *Conley*, at p. 651.)

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5 by limiting the prior prison term enhancement to prior terms for sexually violent offenses. (See *Guevara*, *supra*, 18 Cal.5th at p. 852.) Effective January 1, 2022, Senate Bill No. 483 codified section 1172.75 (former § 1171.1), which set forth the resentencing procedure, and applied retroactively to persons currently serving a term for a judgment that includes such prison priors. "[W]here a now-invalid enhancement was imposed, 'the court shall recall the sentence and resentence the defendant.' " (§ 1172.75, subd. (c); see *Guevara*, at p. 852.) "The statute directs that the resentencing 'court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' " (§ 1172.75, subd. (d)(2); see *Guevara*, at pp. 852–853.)

**Analysis**

Defendant argues that because he was entitled to a full resentencing under section 1172.75, the trial court erred when it determined it could not resentence defendant on his Three Strikes sentences since relief under section 1170.126 had expired. The prosecution conceded the trial court erred, relying on our Supreme Court's recent case in *Guevara*. The prosecution acknowledged the court was not aware of its sentencing discretion and therefore, the matter should be remanded for the court to exercise its discretion as set forth in *Guevara*. We agree.

In *Guevara*, the defendant was convicted in 2009 of felony corporal injury to a coparent (§ 273.5, subd. (a)) and misdemeanor child endangerment (§ 273a, subd. (b)) and admitted two prior strike convictions within the Three Strikes law and three prior prison terms (§ 667.5, subd. (b)). (*Guevara*, *supra*, 18 Cal.5th at p. 853.) The defendant was sentenced to 25 years to life for the felony, plus three years for the three prior prison terms. (*Ibid.*) In 2023, the Department of Corrections and Rehabilitation identified the defendant as a person in their custody serving a term that included a now-invalid prior

prison term enhancement. (*Id*. at p. 853; see § 1172.75, subd. (b).) Because the defendant was entitled to a full resentencing under section 1172.75, he sought to have the benefits of the Reform Act applied to his Three Strikes indeterminate sentence, which should now be doubled. (*Guevara*, at p. 853.) The prosecution argued that "to the extent section 1172.75 required setting aside the third strike sentence, it unconstitutionally amended section 1170.126." (*Ibid*.) The trial court resentenced the defendant under the current Three Strikes law and doubled the term for the felony count. (*Ibid*.) The court of appeal reversed, with the majority concluding "the trial court's interpretation of section 1172.75 unconstitutionally amended the [Three Strikes] Reform Act" when it failed to determine whether the defendant's release would pose an unreasonable risk of danger to public safety. (*Id*. at p. 854.)

However, our Supreme Court concluded that permitting recall and resentencing of indeterminate sentences in a section 1172.75 hearing does not unconstitutionally amend section 1170.126. (*Guevara*, *supra*, 18 Cal.5th at p. 855.) First, it noted section 1170.126, subdivision (k), permits resentencing of defendants subject to section 1170.126 by some alternative means and is, therefore, not the exclusive remedy for nonserious, nonviolent Three Strikes offenders. (*Guevara*, at pp. 858–861.) Under section 1170.126, subdivision (k), defendants entitled to seek relief under section 1170.126 may access " 'rights or remedies otherwise available.' " (*Guevara*, at p. 863.)

*Guevara* next determined that permitting recall and resentencing of Three Strikes indeterminate sentences under section 1172.75 does not unconstitutionally amend section 1170.126 but rather, incorporates the public safety determination requirements of section 1170.126 into the resentencing process. (*Guevara*, *supra*, 18 Cal.5th at pp. 861, 869.) Accordingly, when a Three Strikes defendant is resentenced under section 1172.75, the trial court must determine whether resentencing them on their Three Strikes sentences

under the revised penalty provisions of the Reform Act would pose an unreasonable risk of danger to public safety. (*Guevara*, at p. 878.)

*Guevara* also rejected the argument that the two-year deadline under section 1170.126 was intended as a critical limitation on relief. (*Guevara*, *supra*, 18 Cal.5th at p. 871.) It concluded the deadline in the Reform Act is most naturally understood as a procedural deadline for filing petitions under section 1170.126 itself. Therefore, the defendants need not satisfy the two-year deadline to seek relief under section 1172.75. (*Guevara*, at p. 874.)

Applying *Guevara* to the present case, the trial court erred when it mistakenly believed it could not resentence defendant on his Three Strikes offenses under the Reform Act on the sole ground such relief had expired. Since *Guevara* concluded the procedural deadline under section 1170.126 is not applicable when seeking relief under section 1172.75, the court erred when it declined to reconsider his Three Strikes sentences on this basis.

When a trial court sentences a defendant while unaware of the full scope of its sentencing discretion, remand is required for the court to properly exercise that discretion unless the record clearly indicates the court would have reached the same conclusion had it been aware of the scope of its discretion. (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) The record here shows the sentencing court was not aware of the full scope of its sentencing discretion when it concluded that defendant was unable to obtain relief under the Reform Act at his section 1172.75 hearing. Consequently, defendant was not afforded this analysis at his resentencing hearing.

Nor does the record clearly indicate that the trial court would have found that resentencing defendant would pose an unreasonable risk to public safety under section 1170.126, had it been aware of the scope of its discretion. (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) Defendant's offenses are remote. He was sentenced in 1996, almost 30 years ago. And defendant's prior strike offenses are even further back, in 1983, 1987

8.

and 1991. While the prosecution proffered evidence that defendant had several rule violations in prison, they are nonviolent violations for possessing a cell phone and making pruno.

While the trial court found it was not in the interests of justice to strike his prior strike conviction or to dismiss the prior serious felony enhancement, neither of those determinations required the court to find that defendant's release would pose an unreasonable risk of danger to public safety, as would be required to decline resentencing under the revised provisions of the Reform Act. (*Guevara*, *supra*, 18 Cal.5th at p. 854.) Given the different standards, the court's determination not to strike a prior strike under *Romero* and not to dismiss a section 667, subdivision (a) enhancement under section 1385, subdivision (c) does not make it clear that the court would find it poses an unreasonable risk to resentence defendant under the revised penalty provisions of the Reform Act.

Accordingly, we must remand the case to the trial court for its determination on whether resentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety.' " If so, the court shall reimpose the indeterminate term. (*Guevara*, *supra*, 18 Cal.5th at p. 878.) If defendant does not, and he is otherwise eligible under the Reform Act, the court shall resentence the defendant under the revised provisions of the Reform Act. (*Ibid.*)

**DISPOSITION**

We vacate the resentencing order and remand the matter to the trial court to determine whether resentencing defendant pursuant to the revised penalty provisions of the Reform Act would "pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (f)–(g).) If so, the court shall reimpose the indeterminate term. If not, and defendant is otherwise eligible under the Reform Act, the court shall resentence defendant pursuant to the revised penalty provisions of the Reform Act. (§§ 1170.126,

subds. (f)–(g), 1170.12, subd. (c)(1), (2)(C), 1172.75, subd. (c); see *Guevara*, *supra*, 18 Cal.5th at p. 878.)